## MAX, SHULTZ *et al.*, *vs.* WATKINS, *et al.*

When goods are attached and claimed, and the proof submitted by plaintiff, on the trial of the issue, is slight as to title, evidence that the goods, at the time of the levy, were in the possession of claimant, and not of defendant, is proper to be considered by the jury on the question of title.

Claim Issue, in Dougherty Superior Court. Tried before Judge ALLEN, at June Term, 1860.

Watkins & Cobb sued out an attachment against Leopold Anslocker, and caused the same to be levied on a certain stock of goods in the town of Albany; to which a claim was interposed by Max, Shultz & Co.

On the trial, it was proved by plaintiff in attachment, that at the time of the levy, defendant was not in Albany, and

had been absent from one to three weeks; that prior to leaving, defendant had occupied a store-room and had a sign over the door with his name on it. A witness stated that he had seen Anslocker and one other Dutchman in the store, and had bought goods of both. At the time of the levy, a Dutchman was in possession of the store-room, but did not know whether he was a partner or a clerk; thought he was a clerk; the night before the levy, all the goods were sent to the railroad depot in Albany. The goods were packed in boxes, and marked to some parties in New York.

The plaintiffs here rested their case.

Claimant then offered to introduce the evidence of S. Ardelsdoffer, taken by commission, which is, in substance, as follows:

The goods in question were, at the time of the levy, in the store of Max Smith, (or Shultz?); witness was acting as agent of claimants; Anslocker had no interest in the goods at the time of the levy, so far as witness knew; he had no interest in the goods for two days prior to the levy, from witness' knowledge; witness had possession of the goods, and held them as the property of claimants and S. Housman; they were all packed and boxed for shipping, and were marked, "Max, Shultz & Co., New York," to whom they were to be shipped; it was two days prior to the levy witness learned Anslocker had no interest; the sale and transfer had been made before; witness was under orders by letter from all the parties, and packed up the goods under orders from them, and sent them to the depot; witness understood from letters which he received from Anslocker, and from Max, Shultz & Co., that Anslocker had no interest in the goods; cannot find the letters.

The Court, on motion of plaintiffs' counsel, rejected this evidence, on the ground that the witness' information was derived from the parties themselves, and claimants excepted. The jury found for the plaintiffs.

STROZIER & SMITH, for plaintiff in error.

No appearance for defendants.

*By the Court.*—LYON, J., delivering the opinion.

The proof submitted by the plaintiff on the trial to show title in the defendant in attachment to the goods levied, was very slight. It amounted, at most, to the establishment of a mere presumption that the goods were in possession, or had been in possession of the defendant, from which title might be inferred. The testimony of the witness Sigismund Ardelsdoffer, offered by the claimant, and ruled out by the Court, was admissible, and proper to be considered by the jury for the purpose of rebutting such presumption. Whether it would do so, was a question for the jury. It certainly does show that the witness had possession of the goods for the claimants, and not the defendants, at the time of the levy. Whether the holding was good against the creditors of Anslocker, is another question, and that, too, is for the jury. We hold that the evidence ought not to have been excluded from the jury.

Judgment reversed.